**TODD C. BANK, ATTORNEY AT LAW, P.C.**
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

www.toddbanklaw.com                              tbank@toddbanklaw.com

January 8, 2025

United States District Court
Southern District of New York
Attn.: Judge Colleen McMahon

    Re:    **Todd C. Bank v. NFL Properties LLC**
            **Case 1:24-cv-08814-CM**

Dear Judge McMahon:

    The Court's order dated January 7, 2025 (Dkt. No. 15), stated, in full:

> OK. Having read the Complaint, I assume the response will be a motion to dismiss, and possibly for sanctions, since the pro se plaintiff is an attorney. The initial conference will be held after the motion is decided — if at that point any conference is necessary[.]

    First, Defendant's counsel, Jeff Warshafsky, stated in the letter to the Court that resulted in the January 7th Order: "[t]he Court previously extended Defendant's time to respond to the Complaint and entered the parties' proposed briefing schedule for Defendant's anticipated motion to dismiss." Mr. Warshafsky also stated, in an extension request to the Court dated December 13, 2024 (Dkt. No. 14): "Defendant anticipates moving to dismiss this action." Regarding the Order's suggestion that Defendant consider moving for sanctions, I think it is inappropriate for the Court to give legal advice to a party, and all the more so to one that is represented by counsel who is surely capable of representing its client without such assistance.

    Second, as briefing on Defendant's anticipated dismissal motion has not even begun, the Court's suggestion undermines my confidence that the Court will decide the dismissal motion impartially. If the Court were to find that the motion should be *denied*, the Court's suggestion regarding sanctions would, in effect, put the Court in the position of having to acknowledge that its suggestion was ultimately unfounded. Thus, if the Court were to *grant* the dismissal motion, how could I be confident that the Court had simply wished to avoid such an acknowledgement?

    For the reasons set forth above, the Court's suggestion regarding sanctions should be rescinded so as to restore the appearance of impartiality (which, now that the suggestion has been made, cannot, of course, be done completely).

    Third, the letter that is attached as Exhibit "A" to the Complaint sets forth, at length, why I believe in the merits of my claims. Indeed, that letter was entirely forthright, having included extensive discussion not only of case law that supports my position, but also of case law that opposes it (and, to be sure, the letter explains, in considerable detail, why I believe that the former is applicable).

---

*Handwritten endorsement (MEMO ENDORSED), dated 1/8/2025:*

"Your letter is noted. I look forward to reading your brief, much [as I did] to see whether you can convince me [that I] indeed read the Complaint [and] missed something. I am fully equipped [to undertake] an exercise of [complete] impartiality."

Judge Colleen McMahon  
January 8, 2025

*Bank v. NFL Properties*  
Case 1:24-cv-08814-CM

      Finally, Mr. Warshafsky, in his letter to the Court that resulted in the January 7th Order, stated: "[o]ver the holidays, I discovered a health-related issue and as a result my schedule over the next month is uncertain. . . . This extension is needed because my situation is interfering with Defendant's ability to prepare its response to the Complaint.  addition, the extension will allow me to determine whether I will need to have another colleague appear in this matter to represent Defendant." I was struck by the absence, in the January 7th Order, of the Court's well wishes to Mr. Warshafsky. I imagine that, if I were Mr. Warshafsky, that omission would have been hurtful. Of course, I am aware that the Court might have missed the above quotation.

Sincerely,

  *s/ Todd C. Bank*

Todd C. Bank